UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSLEY ROBINSON, JR., | No. 2:16-cv-1318 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Petitioner challenges his 1996 conviction for multiple counts of attempted murder, multiple counts of assault with a deadly weapon other than a firearm, one count of shooting into an unoccupied vehicle, two counts of being a convicted felon in possession of a firearm, all enhanced by findings that petitioner used a firearm in the attempted murders and was previously convicted of a serious felony.

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. Robinson v. Director of Corrections, Case No. CIV S-98-0104 GEB JFM (E.D. Cal.). The previous application was filed on January 15, 1998, and was denied on the merits on September 23, 1999.

1

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.[1]  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

In addition, petitioner cites to Presidential Executive Order 10834, August 21, 1959, and Army Regulations 840-10 and 260-10, in an attempt to invoke admiralty or military jurisdiction over this case.  Petitioner's argument that the gold fringe around an American flag in a courtroom designates admiralty or military jurisdiction is one of several wholly frivolous arguments.  Therefore, the court declines to construe petitioner's pleading as a civil rights complaint under 42 U.S.C. § 1983.  Also, the court notes that petitioner paid the $5.00 filing fee assessed in habeas cases filed under 28 U.S.C. § 2254, rather than the $400.00 filing fee assessed in civil rights cases filed under 42 U.S.C. § 1983.

Finally, to the extent petitioner seeks relief from the Yolo County Superior Court order issued November 6, 2015 (ECF No. 1 at 3), petitioner is advised that this court does not have appellate jurisdiction over state superior courts.  If petitioner wishes to appeal the denial of his motion filed in the Yolo County Superior Court, he must file his appeal in the Court of Appeal of the State of California, Third Appellate District.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written

---

[1] Petitioner has twice before attempted to file a second or successive petition for writ of habeas corpus in this district.  Robinson v. Director of CDC, Case No. 01-cv-1806 GEB JFM (E.D. Cal.), and Robinson v. CDC, Case No. 03-cv-1492 GEB JFM (E.D. Cal.).  Both cases were dismissed without prejudice to refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robi1318.156.suc

3